**MORGAN & MORGAN**
Alexander C. Hyder, Esquire #170592015                *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com

**IN THE UNITED STATES DISTRICT COURT**
**UNITED STATES DISTRICT COURT OF NEW JERSEY**
**(CAMDEN VICINAGE)**

| | |
|---|---|
| **ANDREW J. SIMZAK III**<br>**5 Knotty Oak Drive**<br>**Medford, NJ 08055**<br>           **Plaintiff,**<br>**vs.**<br><br>**RAYMOND J. MCBRIDE**<br>**103 North Diamond Street**<br>**Clifton Heights, PA 19018**<br><br>**TRANS-PORTE, INC**<br>**12301 Cumberland Road**<br>**Fishers, IN 46038**<br><br>**U.S. FOODS, INC**<br>**6133 North River Road, 9th Floor**<br>**Rosemont, IL 60018**<br><br>**U.S. FOODS HOLDING**<br>**CORPORATION**<br>**9399 West Higgins Road**<br>**Rosemont, IL 60018**<br><br>**ABC CORPORATION A-Z**<br><br>**and JOHN DOE #1-10.**<br>           **Defendants.** | **Case No.:**<br><br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT</u>**

Plaintiff, Andrew J. Simzak III, by and through his counsel, Morgan & Morgan

Philadelphia, PLLC, hereby complains against the above-named Defendants and in support thereof, avers as follows:

## PARTIES

1.      Plaintiff, Andrew J Simzak III (hereinafter "Plaintiff"), is an adult individual who resides at 5 Knotty Oak Drive, Medford, NJ 08055.

2.      Defendant Raymond J. McBride (hereinafter "Defendant McBride") is an adult individual who resides at 103 North Diamond Street, Clifton Heights, PA 19018.

3.      Defendant Trans-Porte, Inc (hereinafter "Defendant Trans-Porte") is a private company duly organized under the laws of the State of Indiana, with its headquarters located at 12301 Cumberland Road, Fishers, IN 46038.

4.      Defendant U.S. Foods, Inc (hereinafter "Defendant USF") is a private company duly organized under the laws of the State of Illinois, with its headquarters located at 6133 North River Road, 9th Floor, Rosemont, IL 60018.

5.      Defendant U.S. Foods Holding Corporation (hereinafter "Defendant USFHC") is a private company duly organized under the laws of the State of Illinois, with its headquarters located at 9399 West Higgins Road, Rosemont, IL 60018.

6.      At all times relevant hereto, Defendant McBride was the agent, servant, workman and/or employee of Defendant Trans-Porte, and was operating a motor vehicle in the course and scope of his employment.

7.      At all times relevant hereto, Defendant Trans-Porte was a subsidiary company of Defendant USF.

8.      At all times relevant hereto, Defendant USF was a subsidiary company of Defendant USFHC.

9.      At all times relevant hereto, Plaintiff was the operator of a 2018 Ford SUV with New Jersey license plate number N23KCH.

10.     At all times relevant hereto, Defendant Trans-Porte was the owner of a 2016 Cascadia Freightliner with Indiana license plate number 2709976.

11.     At all times relevant hereto, Defendant McBride was the permissible operator of Defendant Trans-Porte's 2016 Cascadia Freightliner with Indiana license plate number 2709976.

12.     The Defendants herein are John Doe (1-10), various fictitious and currently unidentified individuals, corporations, and/or companies, duly organized and existing under and by virtue of the laws of the State of New Jersey and regularly conducting business in the State of New Jersey.

13.     The Defendants herein are ABC Company (1-10), various fictitious and currently unidentified individuals, corporations, and/or companies, duly organized and existing under and by virtue of the laws of the State of New Jersey and regularly conducting business in the State of New Jersey.

## STATEMENT OF JURISDICTION

14.     This case is brought under 28 U.S.C.§1332(a)(1), based upon diversity of citizenship.  Because Plaintiff is a citizen of the State of New Jersey, Defendant McBride is a citizen of the Commonwealth of Pennsylvania, the headquarters of Defendant Trans-Porte is located in the State of Indiana, the headquarters of Defendant USF is located in the state of Illinois, and the headquarters of Defendant USFHC is located in the State of Illinois, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Honorable Court. The crash at issue took place in Medford Township, State of New Jersey, and all parties are diverse.

## FACTUAL BACKGROUND

15.     On or about August 30, 2021, at approximately 5:01 p.m., Plaintiff lawfully operated his motor vehicle southbound on Hartford Road.

16.     At the same time and place, Defendant McBride operated Defendant Trans-Porte's semi-trailer truck westbound on New Jersey State Route 70.

17.     As Plaintiff lawfully proceeded through the intersection of Hartford Road and New Jersey State Route 70, Defendant McBride failed to stop at a red traffic signal and crashed violently into the driver's side of the Plaintiff's vehicle.

18.     Defendant McBride did so carelessly and negligently operate Defendant Trans-Porte's semi-trailer truck as to cause a collision with the Plaintiff's motor vehicle, causing the Plaintiff to sustain the injuries and damages hereinafter set forth.

19.     As a result of the impact, Plaintiff suffered serious injuries to his ribs, chest, sternum, neck and back.

20.     At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

## COUNT I

## NEGLIGENCE

## ANDREW J. SIMZAK III v. RAYMOND J. MCBRIDE

21.     Plaintiff incorporates the preceding paragraphs of his Complaint as if set forth fully at length herein.

22.     The negligence, carelessness and/or recklessness of Defendant McBride, individually and as the agent, servant, worker and/or employee of Defendant Trans-Porte, consisted of, but is not limited to the following:

    a.  Failing to maintain proper and adequate control of his semi-trailer truck;

    b.  Driving too fast for the conditions and location;

    c.  Failing to pay proper attention while operating his semi-trailer truck;

    d.  Failing to take proper precautions in the operation of his semi-trailer truck so as to avoid the collision that occurred with the Plaintiff's vehicle;

e.  Running a red light;

f.  Operating his semi-trailer truck in a negligent manner without due regard for the rights and safety of the Plaintiff;

g.  Failing to have his semi-trailer truck unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

h.  Failing to remain alert;

i.  Failing to operate his semi-trailer truck in accordance with the Federal Motor Carrier Safety Regulations;

j.  Failing to properly control his semi-trailer truck in light of the circumstances then and there existing;

k.  Failing to make necessary and reasonable observations while operating his semi-trailer truck;

l.  Failing to timely and properly apply his brakes;

m.  Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant Trans-Porte;

n.  Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

o.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

p.  Failing to properly inspect his semi-trailer truck in violation of the Federal Motor Carrier Safety Regulations;

q.  Acting with a conscious disregard for the rights and safety of the Plaintiff.

23.    As a result of the negligence and carelessness of Defendant McBride, Plaintiff suffered and continues to suffer serious impairment of bodily functions and serious injuries including, but not limited to:

    a.   Fracture of the left fifth rib;

    b.   Fracture of the left sixth rib;

    c.   Cervical injury;

    d.   Lumbar injury;

    e.   Thoracic injury;

    f.   Chest injury;

    g.   Sternal fracture;

    h.   He has in the past required and may in the future continue to require medicines, medical care and attention;

    i.   He has in the past suffered and will continue to suffer agonizing aches, pains and mental anguish;

    j.   He has in the past been disabled and may in the future be disabled from performing his usual duties, occupations and avocations.

24.    As a result of the carelessness and negligence of Defendant McBride, Plaintiff has suffered property damage and economic losses which are recoverable as damages.

25.    As a result of the carelessness and negligence of Defendant McBride, Plaintiff incurred excessive medical expenses, will continue to incur medical expenses, and has additionally incurred other outstanding bills related to the accident which are recoverable as damages.

**WHEREFORE**, the Plaintiff, Andrew J. Simzak III, hereby seeks all damages allowed from Defendants in an amount in excess of $75,000.00.

## COUNT II

### ANDREW J. SIMZAK II v. TRANS-PORTE, INC as being vicariously liable for

## RAYMOND J. MCBRIDE

26.     The preceding paragraphs are incorporated by reference herein as though fully set forth at length.

27.     The negligence, carelessness, and/or recklessness of Defendant Trans-Porte, as being vicariously liable for the actions of Defendant McBride, consisted of, but is not limited to the following:

    a.   Failing to maintain proper and adequate control of his semi-trailer truck;

    b.   Driving too fast for the conditions and location;

    c.   Failing to pay proper attention while operating his semi-trailer truck;

    d.   Failing to take proper precautions in the operation of his semi-trailer truck so as to avoid the collision that occurred with the Plaintiff's vehicle;

    e.   Running a red light;

    f.   Operating his semi-trailer truck in a negligent manner without due regard for the rights and safety of the Plaintiff;

    g.   Failing to have his semi-trailer truck unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    h.   Failing to remain alert;

    i.   Failing to operate his semi-trailer truck in accordance with the Federal Motor Carrier Safety Regulations;

    j.   Failing to properly control his semi-trailer truck in light of the circumstances then and there existing;

    k.   Failing to make necessary and reasonable observations while operating his semi-trailer truck;

l.   Failing to timely and properly apply his brakes;

m.  Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant Trans-Porte;

n.   Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

o.   Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

p.   Failing to properly inspect his semi-trailer truck in violation of the FMCSR;

q.   Acting with a conscious disregard for the rights and safety of the Plaintiff.

28.   As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Andrew J. Simzak III, hereby seeks all damages allowed from Defendants in an amount in excess of $75,000.00.

## COUNT III

### NEGLIGENT HIRING / SUPERVISION / RETENTION

### ANDREW J. SIMZAK III v. TRANS-PORTE, INC

29.   The preceding paragraphs are incorporated by reference herein as though fully set forth at length.

30.   Defendant Trans-Porte had an obligation/duty to act reasonably in hiring and retaining Defendant McBride and to adopt and enforce policies, procedures, and rules to ensure that its driver acted reasonably, and its vehicles were operated and maintained safely.

31.   Defendant Trans-Porte's conduct demonstrated a conscious disregard of the known risks to Plaintiff and to the rest of the motoring public.

32.   Defendant Trans-Porte breached its aforementioned duties, and those breaches directly and proximately caused the damages described in causes of action above.

33.     The Plaintiff was injured as a result of an incident related to the Defendant McBride's driving, more specifically, Defendant McBride's unsafe driving.

34.     The negligence, carelessness and/or recklessness of Defendant Trans-Porte, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant McBride, consisted of, but is not limited to the following:

a.  Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant McBride;

b.  Hiring and/or continuing to employ Defendant McBride despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial semi-trailer truck;

c.  Hiring and/or continuing to employ Defendant McBride despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial semi-trailer truck;

d.  Hiring and/or continuing to employ Defendant McBride despite the fact that he had a propensity for driving violations;

e.  Hiring and/or continuing to employ Defendant McBride despite his previous driving record;

f.  Failing to have an appropriate disciplinary policy within the company;

g.  Hiring and/or continuing to employ Defendant McBride despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

h.  Permitting Defendant McBride to operate a semi-trailer truck when it knew or should have known that he was not properly qualified and/or trained;

i.  Failing to train and/or properly train Defendant McBride prior to allowing him to operate its semi-trailer truck;

j.  Allowing Defendant McBride to operate a semi-trailer truck in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

k.  Failing to adopt appropriate employee manuals and/or training procedures;

l.  Failing to enforce both the written and unwritten policies of Defendant Trans-Porte;

m.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Defendant Trans-Porte;

n.  Failing to implement and/or enforce an effective safety system;

o.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

p.  Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

q.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

r.  Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s.  Failing to monitor and/or regulate its drivers' actions;

t.  Failing to monitor and/or regulate speed at which the drivers drove;

u.  Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

v.  Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

w.  Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

x.  Failing to have a policy or mechanism in place to address excessive speed;

y.  Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

z.  Failing to act upon and remedy known violations of FMCSA regulation 395.

35.  As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Andrew J. Simzak III, hereby seeks all damages allowed from Defendants in an amount in excess of $75,000.00.

## COUNT IV

## ANDREW J. SIMZAK II V. U.S. FOODS, INC as being vicariously liable for RAYMOND J. MCBRIDE

36.  The preceding paragraphs are incorporated by reference herein as though fully set forth at length.

37.  The negligence, carelessness, and/or recklessness of Defendant USF, as being vicariously liable for the actions of Defendant McBride, consisted of, but is not limited to the following:

a.  Failing to maintain proper and adequate control of his semi-trailer truck;

b.  Driving too fast for the conditions and location;

c.  Failing to pay proper attention while operating his semi-trailer truck;

d.  Failing to take proper precautions in the operation of his semi-trailer truck so as to avoid the collision that occurred with the Plaintiff's vehicle;

e.  Running a red light;

    f.   Operating his semi-trailer truck in a negligent manner without due regard for the rights and safety of the Plaintiff;

    g.   Failing to have his semi-trailer truck unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    h.   Failing to remain alert;

    i.   Failing to operate his semi-trailer truck in accordance with the Federal Motor Carrier Safety Regulations;

    j.   Failing to properly control his semi-trailer truck in light of the circumstances then and there existing;

    k.   Failing to make necessary and reasonable observations while operating his semi-trailer truck;

    l.   Failing to timely and properly apply his brakes;

    m.   Violating both the written and unwritten policies, rules, guidelines and regulations of Defendant Trans-Porte;

    n.   Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

    o.   Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

    p.   Failing to properly inspect his semi-trailer truck in violation of the FMCSR;

    q.   Acting with a conscious disregard for the rights and safety of the Plaintiff.

38.    As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Andrew J. Simzak III, hereby seeks all damages allowed from Defendants in an amount in excess of $75,000.00.

## COUNT V

## NEGLIGENT HIRING / SUPERVISION / RETENTION

### ANDREW J. SIMZAK III v. U.S. FOODS, INC

39.     The preceding paragraphs are incorporated by reference herein as though fully set forth at length.

40.     Defendant USF had an obligation/duty to act reasonably in hiring and retaining Defendant McBride and to adopt and enforce policies, procedures, and rules to ensure that its driver acted reasonably, and its vehicles were operated and maintained safely.

41.     Defendant USF's conduct demonstrated a conscious disregard of the known risks to Plaintiff and to the rest of the public.

42.     Defendant USF breached its aforementioned duties, and those breaches directly and proximately caused the damages described in causes of action above.

43.     The Plaintiff was injured as a result of an incident related to the Defendant McBride's driving, more specifically, Defendant McBride's unsafe driving.

44.     The negligence, carelessness and/or recklessness of Defendant USF, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant McBride, consisted of, but is not limited to the following:

> a.   Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant McBride;
>
> b.  Hiring and/or continuing to employ Defendant McBride despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial semi-trailer truck;
>
> c.   Hiring and/or continuing to employ Defendant McBride despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial semi-trailer truck;

d.  Hiring and/or continuing to employ Defendant McBride despite the fact that he had a propensity for driving violations;

e.  Hiring and/or continuing to employ Defendant McBride despite his previous driving record;

f.  Failing to have an appropriate disciplinary policy within the company;

g.  Hiring and/or continuing to employ Defendant McBride despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

h.  Permitting Defendant McBride to operate a semi-trailer truck when it knew or should have known that he was not properly qualified and/or trained;

i.  Failing to train and/or properly train Defendant McBride prior to allowing him to operate its semi-trailer truck;

j.  Allowing Defendant McBride to operate a semi-trailer truck in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

k.  Failing to adopt appropriate employee manuals and/or training procedures;

l.  Failing to enforce both the written and unwritten policies of Defendant Trans-Porte;

m.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Defendant Trans-Porte;

n.  Failing to implement and/or enforce an effective safety system;

o.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

p.  Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

q.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

r.  Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s.  Failing to monitor and/or regulate its drivers' actions;

t.  Failing to monitor and/or regulate speed at which the drivers drove;

u.  Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

v.  Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

w.  Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

x.  Failing to have a policy or mechanism in place to address excessive speed;

y.  Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

z.  Failing to act upon and remedy known violations of FMCSA regulation 395.

45.  As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Andrew J. Simzak III, hereby seeks all damages allowed from Defendants in an amount in excess of $75,000.00.

## <u>COUNT VI</u>

## <u>ANDREW J. SIMZAK II V. U.S. FOODS HOLDING CORPORATION as being vicariously liable for RAYMOND J. MCBRIDE</u>

46.    The preceding paragraphs are incorporated by reference herein as though fully set forth at length.

47.    The negligence, carelessness, and/or recklessness of Defendant USFHC, as being vicariously liable for the actions of Defendant McBride, consisted of, but is not limited to the following:

      a.   Failing to maintain proper and adequate control of his semi-trailer truck;

      b.   Driving too fast for the conditions and location;

      c.   Failing to pay proper attention while operating his semi-trailer truck;

      d.   Failing to take proper precautions in the operation of his semi-trailer truck so as to avoid the collision that occurred with the Plaintiff's vehicle;

      e.   Operating his semi-trailer truck in a negligent manner without due regard for the rights and safety of the Plaintiff;

      f.   Failing to have his semi-trailer truck unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

      g.   Failing to remain alert;

      h.   Failing to operate his semi-trailer truck in accordance with the Federal Motor Carrier Safety Regulations;

      i.   Failing to properly control his semi-trailer truck in light of the circumstances then and there existing;

      j.   Failing to make necessary and reasonable observations while operating his semi-trailer truck;

      k.   Failing to timely and properly apply his brakes;

      l.   iolating both the written and unwritten policies, rules, guidelines and regulations of Defendant Trans-Porte;

m.  Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

n.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

o.  Failing to properly inspect his semi-trailer truck in violation of the FMCSR;

p.  Acting with a conscious disregard for the rights and safety of the Plaintiff.

48.     As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Andrew J. Simzak III, hereby seeks all damages allowed from Defendants in an amount in excess of $75,000.00.

## COUNT VII

## NEGLIGENT HIRING / SUPERVISION / RETENTION

## ANDREW J. SIMZAK III v. U.S. FOODS HOLDING CORPORATION

49.     The preceding paragraphs are incorporated by reference herein as though fully set forth at length.

50.     Defendant USFHC had an obligation/duty to act reasonably in hiring and retaining Defendant McBride and to adopt and enforce policies, procedures, and rules to ensure that its driver acted reasonably, and its vehicles were operated and maintained safely.

51.     Defendant USFHC's conduct demonstrated a conscious disregard of the known risks to Plaintiff and to the rest of the public.

52.     Defendant USFHC breached its aforementioned duties, and those breaches directly and proximately caused the damages described in causes of action above.

53.     The Plaintiff was injured as a result of an incident related to the Defendant McBride's driving, more specifically, Defendant McBride's unsafe driving.

54.     The negligence, carelessness and/or recklessness of Defendant USFHC, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant McBride, consisted of, but is not limited to the following:

a.   Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant McBride;

b.   Hiring and/or continuing to employ Defendant McBride despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial semi-trailer truck;

c.   Hiring and/or continuing to employ Defendant McBride despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial semi-trailer truck;

d.   Hiring and/or continuing to employ Defendant McBride despite the fact that he had a propensity for driving violations;

e.   Hiring and/or continuing to employ Defendant McBride despite his previous driving record;

f.   Failing to have an appropriate disciplinary policy within the company;

g.   Hiring and/or continuing to employ Defendant McBride despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

h.   Permitting Defendant McBride to operate a semi-trailer truck when it knew or should have known that he was not properly qualified and/or trained;

i.   Failing to train and/or properly train Defendant McBride prior to allowing him to operate its semi-trailer truck;

j. Allowing Defendant McBride to operate a semi-trailer truck in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

k. Failing to adopt appropriate employee manuals and/or training procedures;

l. Failing to enforce both the written and unwritten policies of Defendant Trans-Porte;

m. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Defendant Trans-Porte;

n. Failing to implement and/or enforce an effective safety system;

o. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

p. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

q. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

r. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s. Failing to monitor and/or regulate its drivers' actions;

t. Failing to monitor and/or regulate speed at which the drivers drove;

u. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

v. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

w. Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

x. Failing to have a policy or mechanism in place to address excessive speed;

y. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

z. Failing to act upon and remedy known violations of FMCSA regulation 395.

55. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Andrew J. Simzak III, hereby seeks all damages allowed from Defendants in an amount in excess of $75,000.00.

## COUNT VIII

### ANDREW J. SIMZAK III v. ABC CORPORATION A-Z

56. The Plaintiff herein incorporates by reference the preceding paragraphs as though same were set forth fully at length herein.

57. Plaintiff prays leave of Court to seasonably amend this Complaint and name the true identities of ABC Corporation 1-10 if and when their true identities and roles in the within matter are ascertained by Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees and all such other and further relief as this Court deems just and proper. Plaintiff also demands that the issues contained herein be tried by a jury.

## COUNT IX

### ANDREW J. SIMZAK III vs. JOHN DOE (1-10)

58. The Plaintiff herein incorporates by reference the preceding paragraphs as though same were set forth fully at length herein.

59.     Plaintiff prays leave of Court to seasonably amend this Complaint and name the true identities of the John Doe (1-10) if and when their true identities and roles in the within matter are ascertained by Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees and all such other and further relief as this Court deems just and proper. Plaintiff also demands that the issues contained herein be tried by a jury.


Respectfully submitted,

**MORGAN & MORGAN**

_____
ALEXANDER C. HYDER, ESQUIRE

Date: 09/13/2022                    *Trial Counsel for Plaintiff*

**MORGAN & MORGAN**
Alexander C. Hyder, Esquire #170592015                    *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com

## IN THE UNITED STATES DISTRICT COURT
## UNITED STATES DISTRICT COURT OF NEW JERSEY
## (CAMDEN VICINAGE)

| | |
|---|---|
| **ANDREW J. SIMZAK III**<br>**5 Knotty Oak Drive**<br>**Medford, NJ 08055**<br>                              **Plaintiff,**<br><br>**vs.**<br><br>**RAYMOND J. MCBRIDE**<br>**103 North Diamond Street**<br>**Clifton Heights, PA 19018**<br><br>**TRANS-PORTE, INC**<br>**12301 Cumberland Road**<br>**Fishers, IN 46038**<br><br>**U.S. FOODS, INC**<br>**6133 North River Road, 9th Floor**<br>**Rosemont, IL 60018**<br><br>**U.S. FOODS HOLDING**<br>**CORPORATION**<br>**9399 West Higgins Road**<br>**Rosemont, IL 60018**<br><br>**ABC CORPORATION A-Z**<br><br>**and JOHN DOE #1-10.**<br>                              **Defendants.** | **Case No.:**<br><br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED** |

## NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE

NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS,

COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

**MORGAN & MORGAN**

_____

ALEXANDER C. HYDER, ESQUIRE

Date: 09/13/2022                    *Trial Counsel for Plaintiff*

## <u>CERTIFICATION</u>

      Pursuant to <u>Rule</u> 4:5-1, I hereby certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

**MORGAN & MORGAN**

BY: _____
                Alexander C. Hyder, Esquire

DATE: 09/13/2022            *Trial Counsel for Plaintiff*